UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARDO COLES, | : | CIVIL ACTION NO. **1:CV-11-1610** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| LOUIS FOLIO, Warden, et al., | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On August 29, 2011, Bernardo Coles, an inmate at the State Correctional Institution at Greene, Waynesburg, Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner attached a supporting brief and exhibits to his Doc. 1 habeas petition. Petitioner paid the filing fee. (Doc. 3).

Petitioner states that he was convicted on October 7, 1988, and sentenced in the Berks County Court of Common Pleas on November 7, 1988, to 17 ½ to 35 years in prison. Petitioner states he was convicted of criminal attempt to commit murder and robbery and related offenses. Thus, Petitioner was convicted and sentence in the Eastern District of Pennsylvania, and he is now confined in the Western District of Pennsylvania. Petitioner is challenging the Pennsylvania Board of Probation and Parole's ("PBPP") April 10, 2009 Decision denying him parole. In his habeas petition, Petitioner claims that the PBPP improperly applied

1

the 1996 PA Parole Act amendments to him and that the PBPP improperly considered his race as a factor.

Petitioner's only connection with the Middle District of Pennsylvania is that he appealed the PBPP's Decision to the Pennsylvania Commonwealth Court, which was located in Harrisburg, Pennsylvania.

**II. Discussion.**

A 28 U.S.C. §2254 petition may be brought in the federal judicial district in which the state court of the conviction is located and, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. The district court for the district in which the petition is filed may transfer the petition to the district court for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. §2241(d).

As stated, on October 7, 1988, Petitioner was convicted of criminal attempt to commit murder, robbery, aggravated assault, simple assault, theft by unlawful taking, receiving stolen property, crimes committed with a firearm, and criminal conspiracy, and on November 7, 1988, he was sentenced to 17 and a half to 35 years in the Berks County Court of Common Pleas. Petitioner was denied parole on April 10, 2009, by the PBPP. In Ground One of his habeas petition, Petitioner claims a violation of the *Ex Post Facto* Clause, and he challenges the decision of the PBPP to deny him parole based on its retroactive application of the 1996 Parole Act Amendment and subsequent directives and policy changes. (Doc. 1, p. 6). In Ground Two, Petitioner raises a claim for violation of the Equal Protection Clause, and he asserts that the

Pennsylvania Board of Probation and Parole's decision to require him to serve the remainder of his unexpired sentence was based, in part, on his race. (*Id.*, p. 7).  Petitioner raises a violation of the Due Process and Equal Protection Clauses in Ground Three, and states that the PBPP's policy to "arbitrarily and capriciously abrogate the minimum sentences of violent offenders request on grounds wholly irrelevant to the achievement of the state's 'stated objective' for implementing the policy." (*Id.*, p. 9).  In Ground Four, Petitioner raises a claim of denial of due process, in that he claims the state courts failed to afford him a meaningful appellate review of his claims of constitutional error. (*Id.*, p. 10).

Petitioner appealed the PBPP's decision denying him parole to the Pennsylvania Commonwealth Court, and on November 23, 2009, the Commonwealth Court dismissed Petitioner's appeal.  Petitioner states that the PBPP's decision required him to serve the remaining 14 years of his Berks County sentence.  Petitioner states that he is challenging the PBPP's Decision denying him parole and the Commonwealth Court's decision dismissing his appeal.

Petitioner is currently a prisoner at the State Correctional Institution at Greene, Waynesburg, Pennsylvania, which is in the Western District of Pennsylvania.  He was convicted and sentenced in Berks County, Pennsylvania, which is in the Eastern District of Pennsylvania.  Petitioner is challenging the PBPP's Decision denying him parole on his Berks County sentence.  Thus, Petitioner is in custody in the Western District of Pennsylvania.  Petitioner has no ties to the Middle District of Pennsylvania.  He appears to have filed his habeas petition in the Middle

District of Pennsylvania based on the fact that the Commonwealth Court of Pennsylvania dismissed his appeal of the PBPP's decisions and this Court is located in Harrisburg, Pennsylvania.

It will be in the interests of justice to transfer this petition to the United States District Court for the Western District of Pennsylvania, the place where Petitioner is in confined. The Warden at SCI-Greene has custody of Petitioner. All of the conduct giving rise to Petitioner Coles' habeas claims, occurred in the Western District of Pennsylvania.

## III. Recommendation.

Based on the foregoing, it is respectfully recommended that this case be transferred to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. §2241(d), since Petitioner Coles is confined there. *See Bentley v. Tennis,* 2007 WL 4248258 (11-30-07)(M.D. Pa. District Court considered inmate's §2254 habeas petition challenging PBPP's denial of parole, based on *ex post facto* grounds, on state court sentence imposed in the E.D. Pa. since inmate was confined in M.D. Pa.); *Burkholder v. Wolfe*, 2007 WL 90427 (M.D. Pa. 1-9-07)(§2254 habeas petition challenging PBPP's denial of parole based on *ex*

*post facto* clause was transferred from W.D. Pa. to M.D. Pa. under §2241(d) since inmate was confined in M.D. Pa.).

                                                   **s/ Thomas M. Blewitt**
                                                   **THOMAS M. BLEWITT**
                                                   **United States Magistrate Judge**

**Dated: September 14, 2011**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARDO COLES, | : | CIVIL ACTION NO. **1:CV-11-1610** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| LOUIS FOLIO, Warden, et al., | : | |
| | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 14, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                        s/ Thomas M. Blewitt
                                                        **THOMAS M. BLEWITT**
                                                        **United States Magistrate Judge**

**Dated: September 14, 2011**